NELSON COHEN
United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
MICHAEL T. BURKE
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
(907) 271-5071
frank.russo@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:06-cr-00041-09-RRB |
| | ) | |
| Plaintiff, | ) | **UNITED STATES' MOTION** |
| | ) | **FOR APPEAL OF RELEASE** |
| vs. | ) | **OF DEFENDANT PURSUANT** |
| | ) | **TO 18 U.S.C. § 3142(f) AND TO** |
| RODNEY W. RHODEN, | ) | **STAY PROPOSED RELEASE** |
| | ) | **ORDER** |
| | ) | |
| Defendant. | ) | **Filed on Shortened Time** |
| | ) | |

COMES NOW plaintiff United States of America and, pursuant to 18 U.S.C. § 3145(a)(1), hereby appeals the release of the defendant by Magistrate Judge Dennis L. Beck on August 18, 2006, in the Eastern District of California, by order in Case Number 5:06-mj-00031.  Magistrate Judge Beck ordered the defendant's

release on $200,000 property bond, a third party, with passport and travel restrictions. The defendant was ordered to appear in the District of Alaska within two weeks, and a status conference is currently scheduled for Friday, August 25, 2006 at 11:00 am before Magistrate Judge Sandra M. Snyder. A copy of the minutes from this proceeding are attached hereto as Exhibit A. For the reasons set forth herein, the United States submits that the defendant is a demonstrated flight risk and a danger to the community. Accordingly, the United States requests that this Court rescind Magistrate Judge Beck's release order and order that the defendant remain in custody pending transport to the District of Alaska for further proceedings.

## The Facts of the Instant Case

The defendant has been charged in two counts of a multi-defendant conspiracy indictment with Conspiracy to Import and Distribute Marijuana. The indictment further alleges that the defendant's role in this particular conspiracy was to both drive marijuana and money to and from Canada. In particular, overt act 6 of the superseding indictment alleges that in or about late November 2004, the defendant "drove a 2004 Ford F350 Pickup Truck, licence #ESS267, hauling a snow machine trailer in which approximately 300 pounds of marijuana was concealed, into the United States from Canada." The indictment further alleges

that the defendant met with other co-conspirators in both Hawaii, and Vancouver, British Columbia (the area where the source of supply was located.) Due to the seriousness of the charges, the presumption of detention contained in 18 U.S.C. § 3142(e) applies to this case.

## The Defendant's Attempt to Evade Apprehension

The defendant was indicted by the grand jury on June 21, 2006. After that date, investigators attempted to locate the defendant. A cellular telephone number for the defendant was obtained, and two different investigators attempted to convince the defendant to turn himself in on at least three separate occasions. At one point, the defendant told an investigator, in substance, that "the trial is not until February, why should I turn myself in now?". Acting accordingly, the defendant did not turn himself in. Investigators then identified a possible location in California where the defendant was staying. When investigators arrived there, they were told that the defendant had left and not returned. Based on cellular telephone tower information, an area where the defendant was staying was located. Investigators staked out a house and discovered a vehicle outside that was registered to the defendant. The defendant got into a vehicle and was pulled over by investigators. The defendant lied about his identity to investigators, and produced an Arizona driver's license containing this false identity to investigators.

However, the defendant was identified by a tattoo on his chest and was taken into custody.

### Presumption of Detention - 18 U.S.C. § 3142(e)

There is a rebuttable presumption that a defendant charged with a controlled substance offense for which the maximum penalty is ten years or more represents both a flight risk and a danger to the community. 18 U.S.C. § 3142(e). Such charge alone is enough to raise the presumption that no combination of release conditions can assure the defendant's appearance for trial and the safety of the community. United States v. Dillon, 938 F.2d 1412, 1415 (1st Cir. 1991).

Faced with the presumption against him, a defendant must produce "some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community." United States v. Carbone, 793 F.2d 559, 560 (3rd Cir. 1986); Id. Although the evidence need not be great, the presumption is not a "bursting bubble" that will disappear when any evidence is presented by the opponent of the presumption. United States v. Jones, 804 F. Supp. 1081 (S.D. Ind. 1992). Rather, the evidence must rebut in some fashion the presumption that the defendant is both dangerous and a flight risk. As such, the evidence presented by the defendant must at least relate to both of these factors. See United States v. Stricklin, 932 F.2d 1353, 1355 (10th Cir. 1991) (defendant attempted to rebut

presumption with evidence about his family ties, prompt reporting for serving earlier prison sentence, and conditions of release).

Even if the defendant comes forward with sufficient relevant evidence to rebut both the presumptions against him, the statutory presumption that he is a flight risk and a danger to the community retains evidentiary weight. The presumption "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relative to factors listed in section 3142(g)." United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990), quoting, United States v. King, 849 F.2d 485, 488 (11th Cir. 1988).

The government retains the ultimate burden of persuasion on both issues. To detain the defendant, the Court must be convinced either (1) by clear and convincing evidence that the defendant presents a danger to the community, or (2) by a preponderance of the evidence that he is a flight risk. United States v. Mercedes, 254 F2d. 433, 436 (2nd Cir. 2001).

## The Detention Hearing

The defendant produced no testimony at the detention hearing tending to rebut the presumption of detention. Instead, the court authorized the defendant's release on a $200,000 property bond, a third party, and surrender of his passport. The defendant was ordered to appear in Alaska within 2 weeks, and a status

conference on the property bond was set on Friday, August 25, 2006 at 11:00 am. Unknown to the magistrate judge was the fact that the defendant had been contacted by investigators and had refused to turn himself in, as well as the defendant's use of an alias and fake identification at arrest.

### The United States Position on Appeal

The United States submits that the defendant has not rebutted the presumption of dangerousness and risk of flight contained in 18 U.S.C. § 3142(e). Indeed, the defendant presented no evidence at all that would rebut either of these factors. Moreover, other factors outlined in 18 U.S.C. § 3142 support detention of the defendant, the most compelling of which is the defendant's post-indictment refusal to surrender to authorities:

*(1) Nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.* The crime at issue involves marijuana, and a multi-year, multi-defendant, multi-national, multi-million dollar conspiracy.

*(2) the weight of the evidence against the person.* The indictment alleges that the defendant was a driver as well as someone who traveled with other co-conspirators to the source of supply. Travel records corroborate the defendant's participation in the conspiracy.

6

*(3) the history and characteristics of the person, including –*

*(A) The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings.* The defendant is not currently an Alaska resident. His unwillingness to turn himself in reflects poorly on his character, and speaks volumes about his risk of flight. He was affirmatively evading apprehension with false identification, and lied to a federal officer when asked about his name.

*(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.* Apart from the obvious dangers of the crime itself, the indictment alleges a serious international drug trafficking conspiracy with multiple seizures of marijuana. Such serious criminal activity raises dangerous consequences, particularly where, as here, over $1 million dollars in marijuana was seized by investigators. Indeed, the indictment alleges that there is at least one missing co-conspirator who participated in the criminal activity alleged therein.

The defendant currently faces a mandatory minimum sentence of ten years in federal prison. His incentive to flee is great, as his apparent willingness to

evade apprehension. See Striklin, 932 F2d at 1355 (defendant who was involved with a drugs and had the capacity for flight was properly detained). In sum, the defendant is a flight risk and a danger to the community. He should be detained and transported by the United States Marshals to Alaska, where he can seek to reopen the issue of detention before the magistrate judge in this district.

## Conclusion

Pursuant to 21 U.S.C. § 3142(e), the defendant is presumed a flight risk and a danger to the community. The facts of this case, and the defendant's flight post-indictment substantiate this presumption. Accordingly, the United States requests the Court stay the order setting proposed conditions of release for the defendant, and order that the defendant be transported to the District of Alaska forthwith for further proceedings.

RESPECTFULLY SUBMITTED this 23rd day of August 2006, in Anchorage, Alaska.

NELSON COHEN
United States Attorney

s/ Frank V. Russo
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
(907) 271-5071
(907) 271-1500 (fax)
Frank.Russo@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on <u>August 23, 2006</u>, a copy of the foregoing was served via <u>EMAIL</u> on:

**Marc C. Ament** (Counsel for Rodney Rhoden)
Assistant Federal Public Defender
2300 Tulare Street, Ste. 330
Fresno, CA 93721-2226
Telephone: (559) 487-5561
Fax: (559) 487-5950
Email: marc_ament@fd.org

s/ Frank V. Russo