NELSON P. COHEN
United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
SHAWN FULLER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: frank.russo@usdoj.gov
E-mail: shawn.fuller@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:06-cr-041-09-RRB |
| | ) | |
| Plaintiff, | ) | **PLEA AGREEMENT** |
| | ) | |
| v. | ) | |
| | ) | |
| RODNEY W. RHODEN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

1. **Introduction**

    A.  Unless the parties otherwise inform the district court in writing of any additional agreements, this document contains the complete plea agreement between the defendant and the United States. The defendant understands this

agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.

    B.    Unless the parties otherwise inform the district court in writing, the parties expressly agree that Federal Rule of Criminal Procedure 11(c)(1)(A) will control his plea agreement. This means that the defendant may not withdraw from this agreement or the guilty plea(s) unless the district court denies the government's post-imposition of sentence motion to dismiss the remaining charges in the Second Superseding Indictment as they relate to the defendant, or the United States Attorney in the District of Alaska prosecutes additional charges arising from the investigation that resulted in the charges filed against the defendant. This also means that the defendant may not withdraw from this agreement or the guilty plea(s) if the district court does not follow the parties' sentencing recommendations.

    C.    Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney's fees and costs from the other party.

## II. What The Defendant Agrees To Do

    A.    I, RODNEY W. RHODEN, the defendant, being of sound mind and under no compulsion or threats, or promises not otherwise contained in this document, do hereby state my agreement to and understanding of this plea

agreement.

I agree the following obligations are material to this agreement. I agree that any violation of or failure to fulfill these obligations will be a material breach of this agreement.

If I breach this agreement, I understand the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, I understand at an appropriate hearing during which any of my disclosures will be admissible, the district court will determine whether I have violated the terms of this agreement; the government's burden will be by a preponderance of the evidence.

### B.   Satisfaction With Counsel

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the district court and enter my guilty plea(s). My attorney and I have discussed all possible defenses to the charges to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable

to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

**C.   Charge(s) To Which The Defendant Is Pleading Guilty**

I agree to enter a plea of guilty to Count 1 of the Second Superseding Indictment, which charges me with conspiracy to import marijuana, in violation of 21 U.S.C. § 963. The elements of this offense of conspiracy to import marijuana, as charged in Count 1, are as follows:

1. there was an agreement between two or more people to import marijuana into the United States;

2. the defendant joined the conspiracy knowing of its object and intending to help accomplish it;

3. During the course of the defendant's involvement, the conspiracy imported 100 kilograms or more of marijuana.

**D.   Forfeiture**

I agree to the forfeiture of my interest of all of the items listed in Count 141 of the Second Superseding Indictment, as well as the following property:

1. 2004 Black Ford F350 Pickup Truck, "Harley Davidson" Model, license #ESS267, belonging to me, purchased by me in 2004, seized on 12/1/06; and

    2.    Flatbed Aluminum Homemade Trailer with hidden compartment, displaying Alaska license plate number 5115RN, registered to me, seized from 6111 Quinahagak, Anchorage.

I agree that if any firearms or illegal contraband were seized by any law enforcement agency from my possession, or that were in my direct or indirect control, then I consent to the administrative forfeiture, official use and/or destruction of said firearms or contraband by any law enforcement agency involved in the seizure of these items. In particular, I agree to forfeit any interest I have in firearms seized from the 64th Avenue Warehouse, Anchorage, Alaska, on or about April 22, 2006.

### E. Factual Basis for Plea

I admit that the allegations against me in Count 1 of the Second Superseding Indictment are true and stipulate the following minimum factual basis for my plea(s) is true and supports my guilty plea(s) in this case:

Sometime between May 2000 and April 22, 2006, I, RODNEY W. RHODEN, the defendant, became a member of an agreement with Thomas Ranes and other individuals, both named and unnamed in the indictment, to facilitate the distribution and importation of Canadian marijuana. I joined this agreement knowing that this group would be importing marijuana from Canada for the

purpose of distributing it in Alaska. During the course of my involvement in the conspiracy, this group imported over 400 kilograms of marijuana. I joined this group with the intent of assisting Ranes and others to import the marijuana into Alaska from Canada. To assist the conspiracy, I drove a vehicle with hidden compartments containing marijuana from Canada into Alaska, for which I was paid.

I committed a number of acts to advance the purposes of the conspiracy. One such act was committed in or about late November 2004, when I drove a 2004 Ford F350 Pickup Truck, licence #ESS267, hauling a snow machine trailer in which approximately 200 pounds of marijuana was concealed, into the United States from Canada.

## III. Penalties and Consequences of Plea

### A. Statutory Maximum Penalties

I understand the statutory maximum penalties for Count 1, which charges me with conspiracy to import controlled substances, in violation of 21 U.S.C. § 963, include the following for the facts upon which my plea will be entered: (1) 40 years in prison, with a mandatory minimum sentence of 5 years imprisonment; (2) a $2 million fine; (3) a $100 mandatory special assessment; and (4) a mandatory minimum four-year term of supervised release. I understand the

following may also apply and affect my sentence: (1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the district court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; (2) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the district court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; (3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; and (4) the district court may order that I pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1.

I agree I will owe the entire special assessment, fine, costs or restitution ordered in this case on the day the district court imposes sentence. I understand that all payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Avenue, Box 4, Room 229, Anchorage, AK 99513-7564.

### B. Additional Consequences Of Plea

I understand that in addition to any term of imprisonment and/or fine that is imposed, the Court may order me to pay restitution to any victim of the offense, as required by law. I further understand that a consequence of pleading guilty may

include the forfeiture of certain property either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

I understand that any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, and welfare, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury. I understand that if I am not a citizen of the United States, conviction of a federal felony may result in deportation.

### C.   Calculation Of Sentence

I understand and acknowledge that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment

in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, I understand and acknowledge that:

    1.    The Court will determine my applicable Sentencing Guidelines range at the time of sentencing. Guidelines calculations will be set forth in the pre-sentence report prepared by the United States Probation Office. I understand that all adjustments to my offense level will be set forth in the pre-sentence report prepared by the U.S. Probation Office, and that unless admitted to herein, both parties will have the opportunity to argue their positions with respect to the base offense level as well as to any upward or downward adjustments that may affect my guideline offense level.

My criminal history category will also be determined by the United States Probation Office. I understand that I may argue about whether prior criminal conduct, if any, should count in the determination of what criminal history category I will be placed. However, I will not argue that my criminal history category is over-represented so as to entitle me to a "downward departure" in my criminal history category.

I understand and agree the district court will apply the preponderance of

evidence standard of proof when resolving any factual disputes regarding my guideline sentence calculation. I understand that the discussions between my attorney and me concerning my sentence exposure or the possible sentence the district court might impose are only estimates and do not bind the district court. The government's rough estimate of my advisory guideline range is set forth below. I understand that such estimate binds neither the parties nor the Court, and that the United States Probation Office will calculate its own guideline range, which the parties are free to argue about, except to the extent stipulated herein.

*SUMMARY:*

> *NON BINDING ESTIMATED BASE OFFENSE LEVEL ..... 28*
>
> *ACCEPTANCE OF RESPONSIBILITY .................... -3*
>
> *NON BINDING ESTIMATED TOTAL ..................... 25*
>
> *NON BINDING ESTIMATED CRIMINAL HISTORY ......... I*
>
> *NON BINDING ESTIMATED*
> *SENTENCING RANGE ....................... 57 - 71 months[1]*
>
> *SUPERVISED RELEASE RANGE .......... min. 4 years - Life*
>
> *FINE RANGE ............................ $17,500 - $175,000*

2. After consideration of the Sentencing Guidelines and the other

---

[1] Pursuant to 21 U.S.C. § 841(b)(1)(B), the defendant faces a mandatory minimum sentence of 60 months.

factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

  3. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties, or by the United States Probation Department; and

  4. I may not withdraw a guilty plea solely because of the sentence imposed by the Court.

**D.** **Ultimate Sentence.** I acknowledge that no one has promised or guaranteed what sentence the Court will impose.

**E.** **Post-Plea Conduct.** I understand that the terms of this Plea Agreement apply only to conduct that occurred prior to the execution of this Agreement. If, after the date of this Agreement, I engage in illegal conduct (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer or Court), the United States is free under this Agreement to seek a sentence that takes such conduct into consideration. Such a sentence could include a sentencing enhancement under the United States Sentencing Guidelines or

an upward departure from the applicable sentencing guidelines range.

## IV. Rights Waived By Pleading Guilty

I understand that, by pleading guilty, I knowingly and voluntarily waive the following rights:

### A. Trial Rights

1. The right to plead not guilty, and to persist in a plea of not guilty;

2. The right to a speedy and public trial before a jury of my peers;

3. The right to the effective assistance of counsel at trial, including, if I could not afford an attorney, the right to have the Court appoint one for me;

4. The right to be presumed innocent until guilt has been established at trial beyond a reasonable doubt;

5. The right to confront and cross-examine witnesses against me at trial;

6. The right to compel or subpoena witnesses to appear on my behalf at trial;

7. The right to testify or to remain silent at trial, at which trial such silence could not be used against me; and

8. The right to contest the validity of any searches conducted on my property or person; and

**B.  Appeal And Post-Conviction Rights**

By pleading guilty pursuant to this agreement, I understand and agree I am waiving all of these applicable rights including my right to appeal my conviction(s). I further agree that if the district court imposes a sentence that does not exceed the statutory maximum sentence –as set forth above in this agreement, I am waiving, without exception, my right to appeal on all grounds contained in 18 U.S.C. § 3742, the sentence the district court imposes upon me –including forfeiture or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution. Additionally, I also knowingly and voluntarily agree to waive all right to collaterally attack my conviction(s) and/or sentence –including forfeiture or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution–the district court imposes. The only exceptions to this collateral attack waiver are as follows: (1) any challenge to the conviction or sentence alleging ineffective assistance of counsel -- based on information not now known to me and which, in the exercise of reasonable diligence, could not be known by me at the time the court imposes sentence; and (2) a challenge to the voluntariness of my guilty plea(s). I understand a collateral

attack is an additional means separate from an appeal by which I could challenge my conviction or sentence. I also agree that if the my guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if my sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute me on all charges arising out of the investigation of this case for which there is probable cause.

## V.   What The United States Agrees To Do

A.   **Other Counts.** In exchange for the defendant's plea(s) of guilty to Count 1, and agreement to the criminal forfeiture in Count 141, the United States agrees to dismiss the remaining counts of the Second Superseding Indictment, as they relate to the defendant. The United States agrees that it will not prosecute the defendant further for any offense -- now known -- arising out of the subject of the investigation related to the charging instrument in this case and the defendant's admissions in support of the guilty plea(s). Provided, however, if the defendant's guilty plea(s) is/are rejected, withdrawn, vacated, reversed, or set aside, or if the defendant's sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause, including any charges dismissed pursuant to the terms of

this agreement, which charges will be automatically reinstated as well as for perjury and false statements.

**B.    Acceptance Of Responsibility.** If the defendant is completely candid and truthful with both the district court and the United States Probation Office in admitting the underlying criminal conduct and the defendant meets the criteria set out in U.S.S.G. § 3E1.1, the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of sentence, the defendant fails to meet the criteria set out in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

## VI.    Adequacy Of The Agreement

Pursuant to Local Criminal Rule 11.2 (D)(7) and (8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

The United States and the defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement only

binds the United States Attorney's Office for the District of Alaska. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

## VII. The Defendant's Acceptance Of The Terms Of This Plea Agreement

By my signature below, I, RODNEY W. RHODEN, affirm this document contains all of the agreements made between me–with the assistance of my attorney–and the United States regarding my plea(s). There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, I and the United States will jointly inform the district court in writing before I enter my guilty plea(s).

I understand that I have a right to plead not guilty and proceed to trial, and that no one can force me to plead guilty. I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the district court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the judge when I stand before him to enter my plea. If there were, I would so inform the district court.

I understand the district court will ask me under an oath to answer questions about the offense(s) to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the district court should find me incompetent to enter into this agreement or to enter my plea. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

Based on my complete understanding of this plea agreement, I therefore wish to enter a plea of guilty to Count 1.

DATED: 3-5-07  3/12/07

RODNEY W. RHODEN
Defendant

As counsel for the defendant, I have discussed with the terms of this plea agreement with the defendant, have fully explained the charge(s) to which the defendant is pleading guilty and the necessary elements, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competency to make these decisions. If, prior to the imposition of

sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court. 3/12/07

DATED: 3/5/07

_____
T. BURKE WONNELL
Attorney for RODNEY W. RHODEN

On behalf of the United States, the following accept the defendant's offer to plead guilty under the terms of this plea agreement.

DATED: 3/12/07

_____
FRANK V. RUSSO
Assistant U.S. Attorney

DATED: 3/13/07

_____
NELSON P. COHEN
United States Attorney

RODNEY W. RHODEN Plea Agreement
3:06-cr-041-09-RRB                 18