T. BURKE WONNELL
2600 Denali Street, Suite 460
Anchorage, Alaska 99503
(907)276-8008, (f)(907)278-8571

CJA Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 3:06-CR-41-9 RRB |
| ) | |
| Plaintiff, ) | **SENTENCING MEMORANDUM** |
| ) | |
| vs. ) | |
| ) | |
| RODNEY W. RHODEN, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | FILED UNDER SEAL |

Defendant Rhodan pled to one count of conspiracy to import controlled substances, along with a forfeiture count, pursuant to a plea agreement. In light of the relevant guideline range, and with the expected filing of a motion by the government following Defendant's substantial assistance, the Court ought to sentence Defendant to a term of 17 months. Since Defendant will have been detained in excess of 21 months on the date of sentencing, he requests that he be given credit for time served and placed on supervised release.

I.  Sentencing Factors

Pursuant to 18 U.S.C. §3553(a), the following factors shall be considered by the Court in determining Defendant's sentence:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

>   (2) the need for the sentence imposed-
>       (A) to reflect the seriousness of the offense, to
>   promote respect for the law, and to provide just punishment
>   for the offense;
>       (B) to afford adequate deterrence to criminal conduct;
>       (C) to protect the public from further crimes of the
>   defendant; and
>       (D) to provide the defendant with needed educational
>   or vocational training, medical care, or other correctional
>   treatment in the most effective manner;
>   (3) the kinds of sentences available;
>   (4) the kinds of sentence and the sentencing range
>   established for-
>       (A) the applicable category of offense committed by
>   the applicable category of defendant as set forth in the
>   guidelines-
>           (i) issued by the Sentencing Commission . . .
>   (5) any pertinent policy statement-
>       (A) issued by the Sentencing Commission . . .
>   (6) the need to avoid unwarranted sentence disparities
>   among defendants with similar records who have been found
>   guilty of similar conduct; and
>   (7) the need to provide restitution to any victims of the
>   offense.

In determining an appropriate sentence under 18 U.S.C. §3553(a), "[t]he court shall impose a sentence sufficient, but not greater than necessary" to satisfy the purposes outlined in subsection (2). Id.

## II.  Argument

Pursuant to 18 U.S.C. §3553(a)(4), the Court should consult the appropriate sentencing guideline range when fashioning a sentence.  Defendant's undisputed offense level, absent any adjustments for role in the offense, would be 23.  Defendant, however, ought to receive a downward adjustment for his minor to minimal role in the offense under U.S.S.G. §3B1.2.  This

conspiracy involved importation of large amounts of marijuana into this District, and involved a homicide of one of the management level conspirators. Defendant's role in the offense was limited to driving shipments of marijuana from Canada to Alaska.  See U.S.S.G. §3B1.2, <u>Commentary</u>, <u>Application Note</u> 3(A). The evidence suggests that Defendant was paid the least of all the drivers involved.  While perhaps not qualifying as a "minimal" participant, it is fair to characterize Defendant's involvement as falling somewhere between minor and minimal. Accordingly, Defendant should receive a 3 level downward adjustment to his offense level, resulting in an adjusted offense level of 20.  See U.S.S.G. §3B1.2.  Defendant's adjusted guideline range should accordingly be 33-41 months.

It is expected that the government will file a motion to reduce Defendant's sentence for substantial assistance by the time of sentencing. According to Defendant's plea agreement, Defendant is entitled to no more than half off of an otherwise available guideline sentence for his substantial assistance.  In light of Defendant's assistance, and his minor to minimal role in the offense of conviction, a sentence of half of the low end of his adjusted guideline range, or 17 months, is "sufficient, but not greater than necessary" to satisfy the criteria contained in 18 U.S.C. 18 U.S.C. §3553(a).

### III. CONCLUSION

The Court ought to sentence Defendant to a term of seventeen months to serve, and find that this sentence has been completed. Defendant should be ordered onto supervised release directly.

RESPECTFULLY SUBMITTED this 22nd day of May, 2008.

By: s/ T. Burke Wonnell_____
CJA Counsel for Defendant
Rodney W. Rhoden
2600 Denali St., Suite 460
Anchorage, AK 99503
Phone: (907)276-8008
E-mail: tburkewonnell@alaska.net
AK Bar No. 9610049

CERTIFICATE OF SERVICE

I hereby certify that true and correct copies
of the foregoing were sent by mail to:

Frank V. Russo, Esq.

this 22nd day of May, 2008.


_____s/ T. Burke Wonnell_____
T. BURKE WONNELL