NELSON P. COHEN
United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Telephone: (907) 271-5071
Fax: (907) 271-1500
Email: Frank.Russo@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 3:06-cr-00041-09-RRB |
| ) | |
| Plaintiff, ) | |
| ) | UNITED STATES' SENTENCING |
| vs. ) | MEMORANDUM |
| ) | |
| RHODNEY RHODEN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## SUMMARY OF SENTENCING RECOMMENDATIONS

**TERM OF IMPRISONMENT.** . . . . . . . . . . . . . . . . . . . . . . **48 MONTHS**

**SUPERVISED RELEASE.** . . . . . . . . . . . . . . . . . . . . . . . . . **5 YEARS**

**SPECIAL ASSESSMENT.** . . . . . . . . . . . . . . . . . . . . . . . . . . . **$100.00**

The United States Probation Office ("USPO") has prepared a presentence investigation report ("PSR") in this case. The United States agrees with the factual and legal findings of the USPO.

## I. BACKGROUND

The defendant was part of an international drug and money laundering conspiracy that is set forth in detail in the PSR. The Second Superseding Indictment, to which the defendant pled guilty, names him as a driver of vehicles used to transport marijuana and money to and from Canada. The defendant was involved in the conspiracy from October 2004 through May 2005. In his capacity as co-conspirator, the defendant drove marijuana across the border on approximately five occasions, as confirmed by border records and cooperating source information:

| Driver | Date of Border Crossing | Estimated Marijuana Amount and Source |
|---|---|---|
| Rodney Rhoden | 10/12/2004 | 250 pounds (CS Information) |
| Rodney Rhoden | 10/30/2004 | 250 pounds (CS Information) |
| Rodney Rhoden | 12/19/2004 | 250 pounds (CS Information) |
| Thomas Ranes | 12/20/2004 | |
| Rodney Rhoden | 2/18/2005 | |
| Rodney Rhoden | 3/9/2005 | 250 pounds (CS Information) |
| Rodney Rhoden | 5/18/2005 | 250 pounds (CS Information) |

## II. THE PLEA AGREEMENT

The defendant pled guilty to count 1 (conspiracy to import marijuana) of the Second Superseding Indictment. As far as relevant conduct, the defendant

admitted that "during the course of my involvement in the conspiracy, this group imported over 400 kilograms of marijuana." Plea Agreement, p. 6.  Indeed, as Attachment A to the PSR indicates, there were seven border crossings that occurred during the defendant's participation in the conspiracy.  As set forth above, this would equate to approximately 1,250 pounds of marijuana imported, or approximately 568 kilograms of marijuana.  Therefore, the estimate in the plea agreement (between 400 and 700 kilograms of marijuana) appears to be the correct amount of marijuana attributable to the defendant for relevant conduct purposes.

### III.   GUIDELINE APPLICATIONS

The United States agrees with the pre-sentence report that the defendant's adjusted base offense level is 23.  The defendant is properly placed in criminal history category I, and therefore his advisory sentencing guideline range should be 46 to 57 months.

The defendant claims that he should receive a "minor role" adjustment for his participation in the conspiracy.  His claim appears to be based in part on the fact that the was only a driver, and in part on the fact that he was not getting paid as much as other drivers. Neither is persuasive.  "[T]he issue is whether the defendant is 'substantially less culpable' than his co-conspirators." United States v. Rossy, 953 F.2d 321, 326 (7th Cir. 1992); accord United States v. Zweber, 913

F.2d 705, 710 (9th Cir. 1990).  The Second Circuit explained "[t]he culpability of a defendant courier must depend necessarily on such factors as the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise."  United States v. Garcia, 920 F.2d 153, 155 (2d Cir. 1990); see also United States v. Carr, 25 F.3d 1194, 1208 (3d Cir. 1994); United States v. Calderon-Porras, 911 F.2d 421, 423-24 (10th Cir. 1990) ("the commentary directs us to focus upon the defendant's knowledge and the activities of others").  Cf. U.S. v. Ayers, 84 F.3d 382, 384 (10th Cir. 1996) (affirmed: following reasoning of courier cases, holding that individuals who knowingly allow others to use their residences for drug trafficking are not entitled to downward adjustment).

     Far from being a patsy for the organization, the defendant was a trusted friend of Ranes and knew full well the scope of the criminal enterprise.  His participation in the enterprise was essential; without a transportation, the marijuana would never have gotten to Alaska to be sold.  He also transported hundreds of thousands of dollars to Canada to pay for the marijuana he was helping import.  Considering the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of

the criminal enterprise, an adjustment for minor role is inappropriate.  See United States v. Davis, 36 F.3d 1424, 1437 (9th Cir.1994) (where defendant was a courier who knew he was carrying drugs and was trusted with money, not a minor participant); United States v. Lui, 941 F.2d 844, 849 (9th Cir. 1991) (defendant may be courier but not minor participant, and possession of a "substantial amount" of narcotics also ground for refusing reduction).

IV.    **APPLICATION OF 18 U.S.C. § 3553(a)**

Application of the factors set forth in 18 U.S.C. § 3553(a) supports the imposition of a sentence within the guideline range.  While this appears to be the defendant's first serious brush with the law, it was preceded by several encounters with law enforcement.  More troubling is that the defendant continues to cause trouble, apparently threatening a corrections officer at Seatac.  See PSR, ¶ 53.  Moreover, it is hard to imagine a more serious criminal endeavor to become involved with: an international drug and money laundering conspiracy that involved a murder.[1]  Given the defendant's history and participation in this multi-million dollar conspiracy, a serious sentence is warranted.  Accordingly, the

---

[1] Upon information and belief, this murder post-dated the defendant's involvement in the conspiracy, and he had no knowledge of it.

government requests a sentence of 48 months, followed by five years supervised release.  A $100 special assessment is mandatory.

RESPECTFULLY SUBMITTED the 22nd day of May, 2008 in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/ Frank V. Russo
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: Frank.Russo@usdoj.gov

Certificate of Service

I declare under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on May 22, 2008 via ECF:

Allen Bentley
Thomas Burke Wonnell
Steven M. Wells
Philip Paul Weidner
Darryl L. Thompson
Joseph P. Josephson
Robert M. Herz
Allen N. Dayan
Rex Lamont Butler
Kevin F. McCoy
Allan D. Beiswenger

Executed at Anchorage, Alaska, on May 22, 2008.

s/Frank V. Russo